[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The parties in this dissolution action were married on July 1, 1983, in Branford, Connecticut. They have not lived together since October 1989. Their pursuit of this action has been delayed while they have attempted to resolve through bankruptcy proceedings the financial problems that arose from their attempt to operate a restaurant.
There are no children who are issue of the marriage. The plaintiff is the mother of two children from a prior marriage.
The court has jurisdiction in that both parties have lived continuously in this state for at least one year immediately prior to the commencement of this action.
The marriage has broken down irretrievably and there is no reasonable prospect that the parties will reconcile.
A decree of dissolution of the marriage shall enter. In acting on the parties' requests as to a property division and alimony, the court is guided by the following considerations, as set forth in 46b-81 and — 82 C.G.S.: the length of the marriage, the causes for the dissolution, the age, health, station, occupation, amount and sources of income, vocational skills, employability, estate and needs of the parties. As to the division of property, the court has also considered the contribution of each of the parties in the acquisition, preservation or appreciation in value of their respective estates.
To a large extent, the issue in this proceeding is the allocation not of assets but of debt.
The plaintiff, who is 43 years old, was working as an orthodontist's assistant when she and the defendant married. A CT Page 7318 high school graduate, she had been a homemaker for fourteen years in her prior marriage, and she had no formal training as a dental hygienist but performed those tasks that her employer taught her to perform. She also worked parttime as a waitress. At the time of the marriage the defendant, who is now 35, was employed as a cook at a restaurant. He left school in the twelfth grade and worked in various capacities in restaurants before his marriage to the plaintiff, acquiring skills on the job.
In 1985 the defendant became convinced that he should own and operate his own restaurant rather than working for others. In March 1985, the plaintiff's parents, Earl and Irene Brooks, had quitclaimed to the plaintiff their home in Clinton out of fear that they would otherwise lose this asset, which was free of mortgages, as a result of the plaintiff's father's affliction with Alzheimer's disease and his possible need for a long period of care. The plaintiff sold this house and bought a condominium at Copper Ridge Circle in Guilford, into which her parents immediately moved. In November 1985, the defendant persuaded the plaintiff to mortgage this condominium to finance the purchase and initial operation of a restaurant known as Greenside. The plaintiff at all times regarded herself as holding the condominium in trust for her parents. The defendant recognized this obligation as well, as indicated by the fact that he considered it necessary to arrange for a meeting with Mr. and Mrs. Brooks to get their consent to his plan. The property has now been quitclaimed back to Mrs. Brooks.
The defendant joined in the mortgage application but did not obligate himself on the $80,000.00 mortgage note to Branford Savings Bank. He assured Mrs. Brooks that if her home were ever in jeopardy because of the mortgage, he would sell the restaurant to prevent her from losing her home. Initially, both parties worked very hard at the restaurant, however, the defendant began, as the pressures grew, to behave in a tyrannical manner and to engage in late night activities that prevented him from continuing to keep the necessary long hours at the business. He was surly, and, on occasion, violent to the plaintiff.
The parties' personal relationship foundered as the restaurant business began to fail, and in March 1987 the plaintiff filed an action for dissolution of the marriage. In May 1987, the parties decided that they must file for bankruptcy because of the debts incurred in the unincorporated restaurant business, and the plaintiff's dissolution action was dismissed when the plaintiff was advised it should not be pursued during the bankruptcy proceedings.
The restaurant closed in July 1987. CT Page 7319
The parties' home was sold, and a homestead exemption of $13,500.00 is now held in escrow by the parties' bankruptcy counsel.
The plaintiff has had health problems and is under surveillance for cervical cancer. She incurs expenses regularly for allergy medication, as does the defendant.
Both of the parties appear to have been minimizing their income in the period prior to the hearing of this action. The plaintiff has not tried to return to the type of work in which she made her living before starting the restaurant business but is operating a house cleaning service in which she claims to earn $150.00 per week. The defendant's employment records indicate that he minimizes his income by working only four days most weeks, even though fulltime work is available to him.
Most of the parties' debts, listed on their financial affidavits, will be discharged in bankruptcy. At the conclusion of the bankruptcy, however, the plaintiff will still face the secured debt to Branford Savings Bank for the mortgage on her mother's home. Except for a few payments made by the defendant, the plaintiff has borne the financial burden of making payments on that debt, which has increased to approximately $96,000.00 as a result of a period when neither party was able to make payment and penalties and fees were incurred. The plaintiff has made all the payments on the mortgage note to Branford Savings Bank for thirty-three months, at the rate of $734.00 per month.
The defendant has, however, paid off approximately $4,000.00 as to a car loan used to purchase a car for the plaintiff during the marriage. He also is likely to lose to the bankruptcy proceedings a lot in Florida which he owned before the marriage and for which approximately $10,000.00 was paid by him or by his mother for his benefit.
The restaurant venture was the joint venture of the parties. If the plaintiff were left to pay the undischarged indebtedness to Branford Savings Bank, her income in the future would be unfairly reduced.
Having reviewed all of the evidence in light of the statutory considerations, the court orders the following:
1. The defendant shall, as alimony, maintenance and support to the plaintiff, pay her monthly an amount equal to one-half the amount of the monthly payment due to be paid to Branford Savings Bank as to the mortgage note relating to the Copper Ridge Circle property until he has paid an amount equal to half the total debt and interest. In the event of a refinancing of that indebtedness CT Page 7320 at a lower interest rate, the defendant shall pay the plaintiff half the costs of refinancing and half the monthly payment due. In the event the note is paid off by the plaintiff, the defendant will continue to be responsible for support payments to her corresponding to half the indebtedness, to be paid in monthly payments in the amount of $250.00 per month. The defendant's payments shall not be taxable to the plaintiff and each party shall claim in proportion to their payments any tax deductions for interest arising from reduction of the debt.
2. Each party shall be responsible for half of any other obligations jointly incurred by the parties that are not discharged in bankruptcy.
3. The entire amount of the escrowed household exemption shall be the property of the plaintiff, to reflect her past payment of the indebtedness for the loan used for the restaurant.
4. The defendant shall continue to provide the plaintiff with health insurance as available through his employment pursuant to38a-538 C.G.S., however, this obligation will terminate when the plaintiff marries, dies, cohabits or obtains employment that supplies equivalent insurance, whichever occurs first. The plaintiff shall pay any cost over $150.00 per month that results from her inclusion in the defendant's health insurance plan.
5. Pursuant to 46b-62 C.G.S., the defendant shall, within thirty days, pay the plaintiff $1,000.00 toward her counsel fees in this matter.
6. The defendant shall take all steps necessary to effect transfer of title and registration of the 1986 Oldsmobile Cutlass to the plaintiff.
7. The plaintiff shall return to the defendant the following personal property: his cook books, two scales, two photo albums, and the table given to him by his mother. The plaintiff shall retain all other personal property now in her possession, including personal property accumulated by the parties during the marriage.
8. The plaintiff's maiden name, Sharon Brooks, shall be restored to her.
BEVERLY J. HODGSON Judge of the Superior Court CT Page 7321